PER CURIAM:
Claimant, Anthony J. Talerico, seeks an award of $66.77 from respondent, Division of Highways, for a damaged tire. On February 7, 1995, at 2:30 p.m., Mr. Talerico was driving his vehicle, a GMC pickup truck, on Route 6 in Harrison County. According to Mr. Talerico, he was proceeding between 30 and 35 miles per hour when he observed a deer. While Mr. Talerico was watching the deer, his vehicle struck a hole in the pavement surface. Mr. Talerico testified that the hole was approximately ten inches deep and the surrounding pavement was cracked. As a result of the incident, a tire on Mr. Talerico's vehicle was damaged. Mr. Talerico purchased a replacement tire on February 9, 1995, for $66.77.
Michael Anthony Scott, the Harrison County Maintenance supervisor for respondent, described Route 6 as a two lane secondary road. He estimated the pavement surface was 30 feet wide. According to Mr. Scott, road maintenance crews were cutting brush along Route 6 during the month of February, 1995. However, Mr. Scott testified that he did not have any notice of a breakdown of the payment surface, and he had received no complaints about Route 6 concerning holes in the pavement.
This Court has consistently followed the principle that the State is neither an insurer nor guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). For respondent to be liable for damage caused by a road defect, it must have had either actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986). The evidence in this case indicates respondent was unaware of this particular hole prior to claimant's accident. Therefore, claimant has not established negligence on the part of respondent. Accordingly, it is the opinion of the Court that this claim must be denied.
Claim disallowed.